UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FREIDMAN and RYAN KERZNER, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LCC., *et al.*,<br><br>   Defendants. | Civil No. 3:12-cv-02962-L-RBB<br><br>**ORDER GRANTING MOTIONS TO DISMISS [doc. nos. 11, 16]; GRANTING LEAVE TO AMEND; and TO SHOW CAUSE** |

In this putative class action, Defendants Massage Envy Franchising ("Franchising") and M6 Marketing, Inc. ("M6") each filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). M6 alternatively sought to transfer venue. Plaintiffs Joshua Freidman and Ryan Kerzner opposed the motions and Defendants replied.[1] The Court enters its Order on the papers submitted under Civil Local Rule 7.1(d)(1).

**1.    Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

---

[1] Defendants Massage Envy Spa of Encino and Massage Envy Spa of Sherman Oaks filed their answer on February 1, 2012. [Doc. #8.]

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), but legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Both Defendants argue that Plaintiffs have failed to meet the *Twombly*/*Iqubal* pleading standard. In other words, Defendants claim that Plaintiffs have failed to assert any factual basis for which a claim can be based, instead repeating the elements of their causes of action as if they were facts.

**2.   Background**

Defendant Franchising is a limited liability company that owns, operates, controls and franchises retail establishments providing personal health goods and services. (Comp. ¶ 5.) Also named as defendants are Massage Envy's franchisees located in Sherman Oaks and Encino. (*Id.* ¶¶ 6-7.) Defendant M6 is a corporate business venture, specializing in providing automated telephone calling and text messaging services on behalf of its clients, which allegedly include all the named defendants. (*Id.* ¶ 8.) Both Plaintiffs contend that each Defendant was acting as an agent or employee of the other Defendants, and acted within that scope with the consent and knowledge of each of the other Defendants. (Comp. ¶ 10.)

In November 2012, Plaintiff Friedman alleges that Defendants began using his cellular telephone in order to send him spam advertisements and/or promotional offers, via text message. (*Id.* ¶ 11.) Friedman alleges that he received an unspecified number of text messages from Defendants containing impersonal information regarding offers and promotions at the Sherman

Oaks and Encino Massage Envy locations. (*Id*. ¶ 12.) Plaintiff Friedman believes that the text messages he received in November and December 2012, originated from Defendant M6 at the instruction of the other Defendants, thus making Defendants Franchising, Encino and Sherman Oaks all liable for M6's actions. (*Id*. ¶¶ 13-14.) Plaintiff asserts that these text messages were placed using an "automatic telephone dialing system," ("ATDS") and he never contacted nor conducted any business with Defendants to warrant such communications. (*Id*. ¶¶ 15-16.) Friedman alleges that he incurs a charge for each incoming call. (*Id*. ¶ 17.)

Plaintiff Kerzner alleges that on November 19, 2012, he received a text message that was similar to the one Plaintiff Friedman had received from Defendants. (Comp. ¶ 21.) Kerzner received another text message on November 23, 2012, with a similar promotion, which he also claims is from Defendants. (*Id*. ¶ 22.) He replied to Defendants with the word "Stop" and then with a second reply message reading "Remove me." (*Id*. ¶ 23.) Defendants sent another text message in response to Plaintiff, stating "I am sorry, we did not understand your last message. Help? Reply HELP. Quit?" (*Id*. ¶ 25.) Kerzner alleges that these messages originated from M6 at the direction of Defendants, and that he has never contacted nor conducted business with Defendants. (*Id*. ¶¶ 26, 28.) Further, Kerzner alleges that the text messages were sent using an ATDS. (*Id*. ¶ 29.) Both Plaintiffs claim that they have never given consent to receive unsolicited text messages, nor were the text messages considered to be for emergency purposes. (*Id*. ¶¶ 31-32.)

Plaintiffs allege two causes of action on behalf of the purported class; 1) Negligent Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.); and 2) Knowing and/or Willful Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.).

**3.     Discussion**

The TCPA prohibits "persons" from 1) making "any call," 2) "using any automatic telephone dialing system or artificial or prerecorded voice," 3) "to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A). "The Ninth Circuit has held that a text message is a call within the meaning of the TCPA." *Ibey v. Taco Bell Corp.*,

12-CV-0583-H WVG, 2012 WL 2401972 (S.D. Cal. June 18, 2012) (Huff, J.) (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009)). Plaintiffs allege that the texts that they received "were placed via an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A)." (Comp. ¶ 16.) However, Plaintiffs allegations are nothing more than a "formulaic recitation of the elements of a cause of action," and do nothing more than assert a speculation. *Twolmbly*, 550 U.S. at 555, 570. The text messages are generic and impersonal, as Plaintiffs assert, but that is not enough to make the claims plausible. *See id*. It is just as conceivable that the text messages were done by hand, or not using an ATDS. The text messages that the Plaintiffs present are similar in content, but differ enough to make it appear as if an ATDS was not utilized. Furthermore, in their Opposition, Plaintiffs do no more than restate allegations in the complaint, with the addition of textual emphasis to certain words and phrases. (*See e.g.*, Opp. at 19-20.) [Doc. # 20.] Plaintiffs also ignore the *Twombly/Iqbal* standard and implore the Court to follow overruled and outdated precedence. (*Id*.) The Court declines to do so, and finds that Plaintiffs have not stated with a level of factual specificity a claim under the TCPA. *See Twombly*, 550 U.S. at 555; *and Iqbal*, 556 U.S. at 678.

Plaintiffs contend that there are numerous cases where courts denied motions to dismiss based on complaints similar to their own. However, these cases contain more details to suggest that an ATDS was utilized. In *Kramer v. Autobytel, Inc.*, the plaintiff's stated in their complaint that the text messages described came from a "SMS short code . . . registered to B2Mobile," in addition to their "impersonal manner." 2010 U.S. Dist., LEXIS 137257. Plaintiffs simply assert here that the text messages they received were impersonal, without additional factual details to show that an ATDS was used. Plaintiffs attempt to distinguish the cases that Defendant M6 cites in its motion to dismiss, but this only highlights the deficiencies in their own complaint. Many of the complaints cited provided more details than Plaintiffs and were still dismissed for lack of sufficient factual allegations. *See e.g., Ibey* 2012 WL 2401972 at *3. Simply stating that their complaint is "specific and detailed" and restating its exact language is insufficient to meet the applicable pleading standards.

/ / /

### a.     **Defendant Franchising**

As discussed above, Plaintiffs have failed to meet the appropriate pleading standard. In addition, Franchising specifically claims that it cannot be held liable under the TCPA because it did not actually send the unsolicited text messages to Plaintiffs. (MTD at 6.) Franchising also contends that rote recitation of conclusory language intended to establish a relationship between Franchising and M6 is not enough to show an agency relationship under California Civil Code § 2295. The Court agrees. "To sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent." *Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011). Under California Civil Code § 2295, the facts must show "1) that the agent or apparent agent holds power to alter legal relations between principal and third persons and between principal and himself; 2) that the agent is a fiduciary with respect to matters within scope of agency; and 3) that the principal has right to control conduct of agent with respect to matters entrusted to him." *Palomares v. Bear Sterns Residential Mortg. Corp.*, 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008) (Hayes, J.).  Plaintiffs have alleged that each Defendant was an agent and/or employee of each other, and specifically that M6 "was acting as an agent and/or employee of Defendants Franchising . . . and was acting within the course and scope of said agency. . . ." (Comp. ¶ 14.) Absent from the complaint are facts that might demonstrate the three *Palomares* factors which would raise the allegations beyond the speculative. Instead, Plaintiffs rely on legal conclusions as if they were facts. *Iqbal*, 129 S.Ct. at 1949.

Plaintiffs argue that their assertions establishing agency are located elsewhere in the complaint, rewriting and adding emphasis to particular language of the complaint. This does not elevate the chosen portions to a factual level, because they remain legal conclusions, *e.g.*, "Defendant M6 was acting as an agent and/or employee of Defendants . . . ." (Comp. ¶ 14). Plaintiffs have not sufficiently pleaded an agency relationship between M6 and Franchising, and therefore, they cannot assert a claim under the TCPA against Franchising under that specific theory. The Court will analyze, however, whether or not a "beneficiary" can be held liable under the TCPA as Plaintiffs assert is possible.

Plaintiffs contend that if Franchising is not considered to be an agent of M6, then as a beneficiary of M6's actions, it is still directly liable under the TCPA. This argument strains credulity, as nothing in the language of the TCPA or case law suggests that this is accurate. The TCPA states that it is unlawful for any person "to make any call . . . to any telephone number assigned to [ ] a cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A). The plain language suggests that civil liability is assigned to any party who "makes" a call. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012). There is nothing suggesting a broader standard of liability as Plaintiffs assert. The cases that Plaintiffs cite as their support often stand for the statement that congressional tort actions include vicarious liability even if not implicitly stated. Such cases are not relevant here. *See, In re Jiffy Lube International, Inc. Text Spam Litigation*, 847 F. Supp. 2d 1253, 1256-1257 (S.D. Cal. 2012); *Accounting Outsourcing, LLC v. Verizon Wireless*, 329 F. Supp. 2d at 805-806. Therefore, the Court declines to follow Plaintiffs reasoning and extend liability under the TCPA to any beneficiary of the alleged unlawful actions.

Franchising asserts that even if it could be held liable under the TCPA, Plaintiffs have not alleged sufficient facts to have Article III standing to sue Franchising. To satisfy Article III, a party "must show that 1) it has suffered an 'injury in fact' that is a) concrete and particularized and b) actual or imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Maya v. Centrex Corp.*, 658 F. 3d 1060, 1067 (9th Cir. 2011). Plaintiffs must show a causal relationship between M6 sending the text messages, and the actions of Franchising in order to establish the second element. As noted, Plaintiffs have failed to sufficiently allege an agency relationship that would in turn infer direct or vicarious liability. Accordingly, Plaintiffs have not alleged facts sufficient to establish that they have standing to pursue a TCPA claim against Franchising *See Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 414 (N.D. Cal. 2009). Therefore, Franchising's motion to dismiss will be granted with leave to amend.

/ / /

### b.      **Defendant M6**

In addition to the reasons state above concerning the insufficient facts alleged in the complaint, Defendant M6 moves to dismiss Plaintiff's TCPA claim regarding the second "confirmatory" text sent to Plaintiff Kerzner. The Ninth Circuit uses a "common sense" approach to TCPA claims. *Chesbro v. Best Buy Stores, L.P.*, 11-35784, 2012 WL 6700555 (9th Cir. Dec 27, 2012). "Context is indisputably relevant to determining whether a particular call is actionable under the TCPA." *Ryabyshchuck v. Citibank (S. Dakota) N.A.*, 11-CV-1236-IEG WVG, 2012 WL 5379143. M6 argues that the text does not subject it to liability under the TCPA because it was sent in response to two of Kerzner's text messages. Common sense dictates that Plaintiff's TCPA claims for the text message that Defendant sent in response are not actionable. Kerzner alleges he sent two text massages to Defendants on November 23, 2012, the first including the word "Stop," and the second including the words "remove me." (*Id.* ¶ 23.) M6 maintains that the second message Kerzner sent prompted clarification, sending an error response stating "I am sorry, we did not understand your last message. Help? Reply HELP. Quit?" (*Id.* ¶ 25.) Given the simultaneous text messages that Kerzner sent, it is understandable that M6 would send a text message clarifying Plaintiff's intentions. Furthermore, courts recognize that not every single call constitutes a TCPA offense. One message seeking clarification is not a "proliferation of intrusive, nuisance calls" that the TCPA sought to prevent. *Citibank*, 2012 WL 5379143 at *2. Kerzner did not allege that he has received more soliciting text messages from Defendants. Instead, the confirmatory text message solidified Kerzner's intent to opt out from the text messages. It would be contrary to the intentions of the TCPA to allow Plaintiff to sue Defendant for a text message clarifying his intention to opt out of future offers.

For these reasons, Defendant M6's motion to dismiss will be granted with leave to amend. Accordingly, M6's motion to transfer venue is moot.

/ / /

/ / /

/ / /

**4.  Conclusion and Order**

Based in on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant M6's and Defendant Franchising's motions to dismiss are **GRANTED WITH LEAVE TO AMEND**;

2. M6's motion to transfer venue is denied as moot;

3. In the event Plaintiffs intend to file an amended complaint, they shall do so on or before June 21, 2013;

4. If Plaintiffs file an amended complaint, they shall also file a statement showing cause why this action should not be transferred to the United States District Court for the Central District of California.

**IT IS SO ORDERED**.

DATED: June 13, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL